836 F.2d 549
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Standord A. CHAMPEGNIE, Plaintiff-Appellant,
v.
Timothy DISCENZA, et al., Defendants-Appellees.
 No. 87-5696.
 United States Court of Appeals, Sixth Circuit.
 Dec. 31, 1987.
 
 Before KEITH, MILBURN, and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, a pro se federal prisoner, appeals the district court's judgment dismissing his Bivens action as frivolous. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff was convicted on federal narcotics charges. Seeking monetary damages, plaintiff then sued the defendants for a conspiracy to violate his First, Fourth, Fifth and Fourteenth Amendment rights. In essence, plaintiff alleged that the arresting Drug Enforcement Agency officer, the prosecuting United States Attorney, and the indicting federal grant jury foreman conspired to indict and convict him unlawfully, using evidence obtained during an illegal search and seizure. The district court dismissed the complaint under 28 U.S.C. Sec. 1915(d), concluding: 1) that the United States Attorney and federal grand jury foreman were absolutely immune; and 2) that plaintiff improperly brought his suit prior to seeking appropriate post-conviction relief under 28 U.S.C. Sec. 2255.
 
 
 3
 Upon review, we affirm the dismissal. As the district court held, the United States Attorney and the federal grand jury foreman are absolutely immune because they are being sued for performing acts of a judicial nature. Imbler v. Pachtman, 424 U.S. 409, 423 n. 20 (1976).
 
 
 4
 As to the claims against the Drug Enforcement Agency officer, we note that similar claims were asserted in an action plaintiff filed against him in the United States District Court of the Southern District of Florida. That action was dismissed with prejudice on March 9, 1987. Champagnie v. DiScenza, No. 86-1409-Civ-Scott, (S.D.Fla.1987). Plaintiff cannot attack the final judgment in that case collaterally, and all claims that were or could have been raised in that action are barred by the doctrine of res judicata.
 
 
 5
 Even if there had been no final judgment in a separate action against the DEA officer, the present action would have been barred. Relitigation of Fourth Amendment claims that are adjudicated or could have been adjudicated in a criminal trial are generally barred under the doctrine of res judicata. See Allen v. McCurry, 449 U.S. 90 (1980).
 
 
 6
 The judgment of the district court is AFFIRMED. Rule 9(b)(5), Rules of the Sixth Circuit.